Good morning, your honors. May it please the court This section 1983 case involves some very fundamental Propositions including that a pretrial detainee cannot be denied treatment for necessary medical care for non Medical reasons and that once a serious medical need is established Whether the defendants conduct was deliberately indifferent to that serious medical need is a fact Intensive inquiry to be determined by the jury and does not require expert testimony Pretrial detainee Michael Hancock was described prescribed care by Greene County Jail and its medical providers For what the court determined was a serious medical need on the sole basis that he could not prepay for the care After a specialist determined that surgery was necessary the jail's doctor attempted to schedule the surgery But when the indigent inmate, Mr. Hancock could not pay the surgery costs up front The jail changed courses and refused to schedule the surgery citing only the jail's prepayment policy So the trial court erred in two regards Ms. Casas Where in the record and what evidence is there in the record that There was some denial of a critical health need is as I have read the materials it seems that The the plaintiff here While he says he didn't receive the service because of non-payment Looking at the entirety of the case. It seems that at every turn there that there was an actual need for Emergent care or urgent care or even care for some of his chronic conditions The the care was provided with nothing indicating that there was some physical harm some physical damage some physical long-term consequence with him eventually being transferred to a different facility and And it just doesn't seem that the hernia surgery which I think is at the heart of this The that the delays that have taken place amount to a deliberate indifference, which which you address That Yes, your honor, thank you This is not a case where there was a disagreement over treatment decisions This isn't a case where one doctor is saying that he should be monitored and one the jail stop or the jail's doctor is saying it should be monitored and Outside provider is saying he needs surgery This is a situation where an outside provider is saying he needs surgery the jail's doctor agrees with that But then refuses to provide the surgery based solely on his inability to pay and that's what the record reflects Repeatedly is that it wasn't a different course of treatment that was discussed with him It was specifically that he couldn't get the care that he needed because he couldn't prepay for it And it was only after dr. Wilkins learned that that that Prepayment was required that he decided not to provide the surgery for mr. Hancock. So This isn't a case where you know, he There's differing opinions about the course of treatment And this is a situation where we have defendants retain medical experts who are Opining years after the treatment was denied He tried to justify the decision to deny the care and change the reason the care was actually denied at the time It was prescribed but instead the factual record bears out that it was denied for non-medical reasons Well, I guess my question maybe was maybe more specific. What's the the harm that's alleged? in that subsequently after the transfer He's received care and there's been no problem with the hernia sufficient to have warranted surgery Which is the the relief that you're claiming he was denied and the The evidence is that his pain and suffering that mr. Hancock has testified about mr. Hancock only saw the jails treating doctors the individual That was denying him care and he explained multiple times about the extent of his hernia his pain and suffering there the ways it that it was getting worse and so the verifying medical evidence pointing to the fact that You know his the verifying medical evidence is the lack of treatment as described by the plaintiff himself You know the district court determined I'm sorry But there does seem to be a fair amount of indication that the surgery Is not in fact emergent or is not urgent and that it is in fact elective And there's a broad dispute between what? Mr. Hancock is saying about what was the nature and the visibility of the hernia compared to what all medical records appear to be indicating and Don't you have to have some verified medical evidence that says that the condition was objectively serious Yes, your honor You do and what we have in this case is we have a finding by the district court saying that this was a serious medical need and so the issue is not whether or not it was urgent or emergent that the standard is rather where whether or not he had a Condition that needed treatment and the district court and the jails doctor admitted that he did have a serious medical need He did have a condition that needed treatment the treatment that was prescribed by both the outside physician and the jails doctor agreeing with that is that he needed surgery and when That was surgery was denied based only on the prepayment that violated. Mr. Hancock's constitutional rights and so the the standard is not whether or not Mr. Hancock's hernia became urgent or emergent the standard is whether or not he had a serious medical need and Is it disputed that the surgery was an elective surgery Well It may be disputed I think that that's probably an issue Of whether or not the defendants obviously argue that the surgery was elective the jails doctor Thought that it was necessary and that's why he attempted to schedule it And so, you know I think the issue of whether or not it was elective goes to to whether or not he had a serious medical need and that Issue has already been established In instead, you know this This is a factual issue of whether or not the jails doctor Dr. Wilkins denied the care based on the prepayment policy or whether he denied it Based on a secondary or disputed course of treatment and the record of the evidence indicates That he denied it based on the jails policy, which the district court found to be unconstitutional And so it's at very least it's a fact issue for the jury to determine in the basis for the denial of the prescribed medical care The Next issue I wanted to address and I think you kind of maybe you're asking about this as well Judge Smith is whether an expert witness is require is Required and here there is no dispute over what was causing. Mr. Hancock's pain The jail is the one that actually diagnosed him with the hernia There's no dispute over the treatment necessary to alleviate his pain In fact, the doctor prescribed the treatment and the jails doctor agreed with the treatment as I mentioned perhaps As to the course of treatment for a sophisticated medical condition as a district point court district court pointed out There may be medical expert testimony required, but that's not what we have here As explained on pages 13 and 14 of our brief the cases that the district court relied on involve sophisticated medical conditions that are difficult to diagnose and here we have a course of treatment and a diagnosis that are both agreed on By the medical providers and the failure to implement that that prescribed treatment was Based on the ability of the indigent inmate to pay for it You know this court in the case of Jackson which versus rivaled which your honor judge Smith authored That was a deliberate deliberate indifference claim that was based on a delay in medical treatment and that's one of the cases that the district court relied on but This court required in that case verifying medical evidence establishing that the one-hour delay Mattered and here we have a situation where care wasn't just delayed by an hour or delayed by a few days It was completely denied to this inmate and it was denied until He was transferred out of this jail and the detrimental effect of this lack of treatment Plaintiff has testified to that himself and the the record it bears out the the pain and suffering that he suffered and any type of you know post hoc a Justification of their failure to provide treatment That that attempt falls short and up in appellant's opinion Without an expert opinion. Is there can you sufficiently establish that? The the care that was was given was Inadequate or grossly incompetent right because if you look at hernias generally Hernias are often trust. You know people will wear a girdle like Piece of Medical gear which is really just like a girdle and they come sometimes goes for four months or even years before they get to surgery because you know essentially hernias don't Become problematic unless they are at risk of strangulation and as long as you can hold the tissues in place There's no problem and and without a medical expert. You're asking us to find that this Is grossly negligent because of the possibility of strangulation and I wonder if that's not beyond the can of a layperson Your honor this is this is not about whether or not Whether or not this this hernia this hernia became urgent or emergent I get that that's not the standard and that's not the question the question is is the care grossly incompetent or Inadequate right that is the question and if in fact there's a whole mess of people outside of the Prison context we're walking around wearing trusses and foregoing Hernia surgery because they've got other risks They may have greater surgical risks, and I concede that used to happen a lot more before they develop laparoscopies But the reality of it is is that that there are people in there that are just told We're going to put you into a piece of medical clothing And we're going to wait and see because there's other risks and attendant here And so how does this decision cross that barrier to being just you know inadequate or grossly incompetent? As a layperson's point of view right and I think the difference is if if the care was Denied based on that based on that factual issue of it was a different course of treatment They provided you know a girdle and all these other things then that would be That that might be a separate case, but here We have a case where I think it's up to the jury to decide was it was the was the treatment Denied because of the prepayment policy or was it denied because he had another course of treatment that was adequate in The factual record in this case it It bears out that no other treatment options were discussed in fact dr. Wilkins testified that no further treatment was given to him And all that was discussed with him was that if you want the surgery you got to pay for it We attempted to work out payment plans. We provided him with the statute those are all of the that's all of the Explanation or the treatment plan that he was given was if you want it pay for it if you don't then we'll wait and you Can ask again at another facility? And with that your honors I will reserve the remainder of my time Thank you, Miss Cassis Mr.. Phillips for Greene County May it clear please the court My name is Damon Phillips, I represent Greene County and its officers who are sued in their official capacities I'm not a doctor my clients are not doctors, and they've been sued in this case under a policy based municipal liability theory My client is entitled to summary judgment in large part because mr. Hancock was not able to point to any unconstitutional policy Well counsel he's he's alleging that the the policy or the the rule that requires inmate payment for Medical services is the reason he was denied a surgical procedure that there was a medical need for Yes, sir And he certainly does allege that but he was not able to point to any genuine Disputed fact over whether or not there was such a policy Instead what he did was he asserted in his complaint Isn't a policy Stated somewhat in the in the statute in terms of That the cost and the medical care and attention shall be paid by the prisoner through health insurance and and that those those requirements are were Enforced in such a way that he was actually denied a hernia surgery that a Physician thought was an appropriate treatment That's an argument that mr. Hancock Attempted to develop what he asserted in his complaint was that there was a particular Policy to deny all outside medical care to inmates if they could not afford to prepay They then tried to argue that language from an inmate jail rule book Which included words to the effect that an inmate's care would be under the direction of a jail physician and That they would have to assume responsibility for payment of care Indicated that there was such a policy They later argued about the Missouri statute that talks about ultimate financial responsibility nothing in any of the policy documents That they pointed to said that inmates had to prepay for medical care In fact the same documents that they pointed to Explicitly said that inmates will not be denied medical treatment due to inability to pay and in mr. Hancock's situation He clearly was not injured pursuant to a policy as alleged Because the record is very clear that he was repeatedly seen and treated inside and outside the jail by medical Professionals without ever having to prepay for any of it There was never a point where he had to prepay for medical care There is no dispute that when he was sent to our facility he was released from a hospital after having gunshot surgery and That he went back and forth multiple times And saw dr. Wilkins a contracted doctor at our facility and his surgeons including dr. Allure at the hospital system and multiple other medical providers and never prepaid for anything Based on this alone. My client is entitled to summary judgment because they could not demonstrate a policy as they described What does the record show counsel if anything? Did the plaintiff here actually suffer from excruciating pain No, your honor there is no indication whatsoever to that effect What we have on the record are sporadic subjective complaints of Discomfort and that is yet that is the law is very clear that those subjective complaints of an inmate are never going to be enough To impose a treatment plan on a medical professional medical What would not excruciating pain require some action on the part of the jail officials? I think that excruciating claims of excruciating pain certainly Require assessment, but that does not mean that medical professionals are required to just accept those assertions There was excruciating pain with the denial of relief from that pain constitute delivered indifference I think probably so if there if there was If it was medically inappropriate Right, but the question is not Specifically In this context in terms of the medical treatment. We have to look at whether or not the treatment that was provided Throughout his time as an inmate was grossly inappropriate And there's no medical evidence to suggest it was grossly inappropriate to assess what he said by the medical professionals look at the totality of the circumstances and Decide as to the Steps that were there needed to be taken. I don't dispute that a hernia can be a serious condition But not every hernia requires surgery within any particular time frame Some hernias do and some hernias absolutely should not be operated on and whether or not surgery should be done in the time frame for surgery Those are complicated medical opinions that mr. Hancock is not in position to Decide and trump people like dr. Wilkins or his treating surgeon. Dr. All retained expert. Dr. Timothy Woods did a great job Explaining some of the different things you need to consider as a medical professional looking at hernias Every medical professional in this case appears to have formed the exact same opinion, which was that mr Hancock was perhaps a candidate for elective hernia repair But there was no point during his time in our facility where operative repair was required And then when he left our facility, he certainly did not appear to need operative repair even at that point Is you take the I don't know that mr. Hancock makes this allegation he's not comparing your jail with the black hole of Calcutta or Andersonville prison in Georgia and the Civil War Does he complain about the conditions that he was subjected to? Well, he complains about in his complaint or the hernia and then he makes some complaints about that back pain Which I were not really directly on appeal. I see He is claiming that he was he was requiring a specific operative repair He did not provide any medical evidence to show that he required operative repair while he was in our facility And frankly again, my clients are not doctors We did not have a policy to deny necessary medical care by any means And the record bears out that we repeatedly sent him out and repeatedly provided him with treatment Thank you for your time Thank You, mr. Phillips Mr. Eckenrode Yes. Thank you. Good morning, your honors and may it please the court Obviously my clients are medical professionals I think that in this case the appellants misunderstand What judge Harpool's ruling was on summary judgment? He did and he did conclude that there was a serious medical need But what he did conclude that caused summary judgment to be granted is that dr. Wilkins Was not deliberately indifferent and in that regard he essentially relied upon the farmer versus Brennan case and talked about the state of mind and the state of mind of the Defendant is what's in issue the reason why this is sort of a conundrum here is that there is a difference between the legal definition of Serious medical need and what the medical doctors think is a serious medical need and that's apparent from the record The medical professionals in this case Across the board have testified that a simple hernia really isn't a serious medical need and doesn't require anything But as judge Harpool Determined because there is no other treatment available for a hernia other than surgery that constitutes a serious medical need So his analysis of the summary judgment wasn't on that issue, but was on the issue of whether the defendants were deliberately indifferent Dr. Dr. Wilkins obviously determined as did the outside doctor that the patient's condition Was one that warranted an elective procedure and did not require immediate or even urgent surgery So the issue for Dr. Wilkins was was his determinations It was any action that he took placing the the individual at an excessive risk of harm And as we've already talked about Judge Erickson has mentioned it people live with hernias for many many years There was no evidence that at any point in time. Mr. Hancock was facing an excessive risk of harm In fact the testimony is very clear that if at any point in time his hernia had become Strangulated that would constitute grounds to immediately send him to the emergency room and Dr. Wilkins testified That's what would have happened, but from an elective procedure. He did not require that treatment at that point in time Dr. Harpool's analysis went into the issue of Why expert testimony is needed to discuss the effects of a delay of treatment When a delay in treatment is alleged to be the grounds for deliberate indifference You cannot at that point in time rely upon a lay person's evaluation of the condition But you need medical testimony to talk about the effects of that treatment. In this particular case the medical professionals who gave testimony As experts and Dr. Wilkins indicated that there was no excessive risk to Mr. Hancock as a result of the delay in treatment. To get to the question You know the issue of his pain which Judge Wolman asked about he did occasionally complain of discomfort But the record is relatively replete of the many many months where he would go to see medical for other conditions chronic conditions other Focus conditions and did not in fact complain of any pain or any discomfort from his hernia in fact You know as Damon just pointed out when he got to the prison when he was transferred to the prison on intake He was asked about his medical conditions and didn't even mention the hernia on intake He was in the prison for over a year Before he presented with a condition related to the hernia and at that point in time in the prison He indicated those complaints had only started within the last few weeks So throughout the time that he was in the Greene County Jail He did not present at any point in time with a condition that warranted immediate or even urgent conduct on the part of Dr. Wilkins. Dr. Wilkins repeatedly said that Dr. Wilkins denied him surgery. Dr. Wilkins refused him surgery. Dr. Wilkins never did anything like that In fact, I guess I would I would ask what they would expect him to do. He cannot perform surgery at the Greene County Jail There's no operating room there. Dr. Wilkins is not a surgeon. What Dr. Wilkins did when the when the patient first presented with a hernia complaint he assessed him at that point in time he Dr. Wilkins diagnosed him with a hernia and he immediately sent him out and as has been pointed out He was sent out to his surgeon at no charge to him and the surgeon evaluated him and the surgeon said you do have a hernia That warrants elective repair because there's nothing else that can be done Hernias by themselves don't go away There is no such medicine. This is Jed Smith Was there something recorded or something in the record that indicate that the doctor at that point actually identified the surgery as elective Yes, the record is very clear that the outside doctor said you can schedule elective repair When calls were made to the doctor's office later by the medical providers They again reminded them that it was an elective procedure But they said should it become strangulated make sure he is sent to the emergency room and that was always the position that Dr. Wilkins would have taken is that if at any point in time it had become Strangulated that changed the picture right then and there and he would have had to have gone out to the emergency room and at that Point in time, that's what would have happened. But that that circumstance never occurred So and he was never at an excessive risk of that ever occurring. Dr. Wilkins was looking for that the entire time So Dr. Wilkins did not ignore an excessive risk of harm to the individual in any way shape or form So he was not deliberately indifferent and essentially that's what the trial courts determination was is that there was no deliberate indifference to this particular individual's Medical needs as I said a hernia is unusual in that it cannot it will not go away on its own You cannot take medicine for it It will be there for as long as it as you live unless you have it repaired surgically and not everybody does So when Dr. Wilkins testified that he has a condition that needs treatment What he means is it's not going to go away on its own It does need surgery, but it doesn't need it now and that was essentially the finding by Judge Harpool is that this was a decision not only by Dr. Wilkins, but by the outside doctors that the surgery that this patient needs is not urgent It's not emergent. It can be put off to a point in time when it is in fact An elective procedure that can be done So there was no urgency at any point in time that it needed to be done and didn't have to be done at any time While he was in the Greene County Jail and as we've indicated He was in the prison system for over a year before he his condition changed and they felt it was necessary So at the end of the day as I said I think that the the issue here is deliberate indifference Not whether it's a serious medical need or not and clearly there's no evidence of any deliberate indifference that state of mind that Dr. Wilkins has had has always been in the best interest of this patient You know as Damon has pointed out this individual was seen many many times in the medical unit at no charge to him for a Number of issues chronic issues focused issues and Dr. Wilkins always saw him He did not present with constant constant complaints ongoing pain suffering as has been alleged in fact the record is devoid of that whatsoever and So the times that Dr. Wilkins saw the patient Dr. Wilkins one time diagnosed it and sent him out Saw him one other time where he said yes, you do have a hernia But the doctors outside have said it's elective and at one point in time He and his staff even tried to call the doctor to work out payment plans to get this elective procedure done So that's not deliberate indifference, and that's essentially what the trial court found is that Dr. Wilkins state of mind his conduct was in no way deliberately indifferent to this particular individual Thank you, your honors. Thank you, Mr. Ekinrode Ms. Cassis, you're rebuttal. You'll need to unmute. I would just like to point out your honor that this does go to the defendant's state of mind about whether or not he was Deliberately indifferent, and if his decision to deny the care was based on the jail's policy then that violates Mr. Hancock's constitutional rights, and that is a that is an issue for the jury to decide What was his state of mind did he deny it because of? The prepayment policy or did he deny it because he decided that a different course of treatment was necessary and again That's played out in the record Counsel, how is denial of an elective procedure Deliberate indifference Your honor the cases hold that Even elective treatment can be is a serious can can relate to a serious medical need and if there is a serious medical need that requires elective repair and the failure to provide that that is deliberate indifference because It is it is failure to treat a serious medical need and Your honor as to answer Judge Wolman's questions about the pain Mr.. Hancock describes this pain multiple times to the jail in appendix cited in appendix 114 205 421 he cites pain 6 out of 10 7 out of 10 and yet Defendants continue to deny him access to the medical treatment that was prescribed by Two doctors the outside surgeon dr. Johnson also agreed upon by dr. Wilkins that he needed the surgery And then you know the last thing that I wanted to point out is that The the The district courts opinion Essentially changes the standard holding that because the hernia was not urgent or emergent Which it apparently became after he was transferred to the Department of Corrections It did not require treatment or the prescribed treatment of the surgeon and such a holding Relieves essentially Greene County Jail or any jail holding pretrial detainees of its constitutional obligation to treat serious medical conditions that are not deemed emergencies or urgent and it allows them to hold out until an inmate is released or transferred in which did the Condition does become urgent or emergent and this contravenes the United States Constitution and the law in the circuit And so we ask that the jury is allowed to determine whether Hancock. Mr. Constitutional policy or on an alternative course of treatment and we therefore request that this court reverse the district court summary judgment and Remand this case for further proceedings Thank you, mr. Casas. Thank you. Thank you. Also, mr. Ekin roll Yes. Yes, judge woman. I Don't want Mr. Phillips to leave with the idea that I would in any way compare the Greene County Jail with a black hole of could call it Cantor's book on Andersonville. I got carried away with my literary illusions, and I hope you'll forgive me for it. Mr. Well, I enjoyed it, sir Thank You counsel for your participation in an argument this morning, we appreciate your helpful Advocacy and we'll continue to review the materials that have been submitted Rendered decision in due course. Thank you. Thank you. That's a good excuse